IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
NORTHWESTERN DIVISION

FILED
04 SEP 23 AM 11:17
U.S. ------
N.D. OF ALABAMA

| | |
|---|---|
| PAMELA CHENAULT, ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | |
| AMERIPRIDE LINEN AND ) | |
| APPAREL SERVICES / AMERICAN ) | |
| LINEN SUPPLY COMPANY ) | |
| DEFENDANT, ) | |

## COMPLAINT

Comes now the Plaintiff in the above styled cause and makes the following averments to this Court:

## JURISDICTIONAL STATEMENT

This Court has federal question jurisdiction over the matters averred to below pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e et seq.

## FACTS

1. The Plaintiff is over twenty-one years and is a resident citizen of Colbert County, Alabama.

2. Defendant AmeriPride Linen and Apparel Services / American Linen Supply Company (hereafter referred to as "AmeriPride.") has a place of business located at 805 North Hook Street, Tuscumbia, Alabama.

3. Defendant AmeriPride is duly licensed authorized to do business in Colbert County, Alabama.

4. Plaintiff was first employed by Defendant AmeriPride on or about May 1999 and worked

for said Defendant until her termination on or about November 6, 2003.

5. Plaintiff adopts and realleges averments one through four.

6. During Plaintiff's employment with Defendant, Steve Brently was also employed by Defendant AmeriPride. Mr. Brently was a production manager with said Defendant and served as Plaintiff's supervisor. As a supervisor and production manager, Mr. Brently had the authority to affect the terms and conditions of Plaintiff's employment.

7. On or about February 2003, an intimate relationship developed between Mr. Brently and the Plaintiff.

8. On or about November 6, 2003 Plaintiff attempted to end the intimate relationship with Mr. Brently. Upon notifying Mr. Brently that Plaintiff no longer wished to be involved in said relationship, Mr. Brently terminated Plaintiff's employment.

9. Defendant AmeriPride, through its agent Steve Brently, terminated the Plaintiff's employment because she refused a sexual relationship with her supervisor, Mr. Brently.

10. Plaintiff was at all times relevant to this complaint a "person" and "employee" of the Defendant according to the provision of 42 U.S.C. §2000e(1)(a) and (f).

11. During said time period, Defendant AmeriPride was an "employer" according to the provisions of 42 U.S.C. §2000e(1)(b).

12. Following her termination, Plaintiff filed a timely E.E.O.C. charge as required by 42 U.S.C. §2000e-5(e), attached hereto as Exhibit A.

13. Plaintiff received a notice of right to sue letter dated June 28, 2004, attached hereto as Exhibit B.

14. Defendant AmeriPride did engage in unlawful employment practices, prohibited by 42 U.S.C. §2000e-2 when Plaintiff's job was terminated for refusing a sexual relationship with her supervisor, Mr. Brently.

15. Said sexual harassment / sexual discrimination by Defendant AmeriPride was intentional

and malicious.

16. Said sexual harassment / sexual discrimination by Defendant AmeriPride did cause the Plaintiff to suffer loss of wages, loss of employment, loss of future employment, loss of employee benefits, severe emotional and mental distress, shame, anxiety, and embarrassment.

17. WHEREFORE, Plaintiff demands relief from the Defendant AmeriPride under 42 U.S.C.§2000e-5(g) of the Civil Rights Act of 1964, 42 U.S.C. §1981a of the Civil Rights Act of 1991, and attorney's fees under 42 U.S.C. §2000e-5(k) of the Civil Rights Act of 1964 and/or 42 U.S.C. §1988.

_____
ROBERT L. GONCE
Attorney for Plaintiffs
109 North Court Street
Florence, Alabama 35630
(256) 767-7411

PLAINTIFFS REQUEST A TRIAL BY JURY.

PLAINTIFF DEMANDS A TRIAL BY JURY.

PLAINTIFF REQUESTS SERVICE BY CERTIFIED MAIL TO THE AMERIPRIDE LINEN AND APPAREL SERVICES / AMERICAN LINEN SUPPLY COMPANY:

AmeriPride Linen and Apparel Services / American Linen Supply Co.
805 North Hook Street
Tuscumbia, Alabama 35674

_____
ROBERT L. GONCE

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.